Filed 8/20/20  P. v. Halbert CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077056 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD128329) |
| DERRICK EDWARD HALBERT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kenneth K. So, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is an appeal from the denial of appellant's petition for resentencing under Penal Code[1] section 1170.95 without conducting an evidentiary hearing.  We will affirm the order since the record of conviction demonstrates appellant was originally convicted of both murder and

---

[1]    All further statutory references are to the Penal Code.

conspiracy to murder, thus demonstrating appellant acted with the specific intent to kill the victim.

A jury convicted Derrick Edward Halbert and a codefendant of first degree murder (§ 187, subd. (a)) and conspiracy to murder (§ 182, subd. (a)(1)). The jury also found Halbert used a firearm (§ 12022, subd. (a)(1)). Halbert was sentenced to an indeterminate term of 56 years to life.

Halbert appealed his conviction and this court affirmed the judgment in an unpublished opinion (*People v. Halbert* (Nov. 9, 1999, D031427 [nonpub. opn.]). We also denied Halbert's petition for habeas corpus on the same date.

In August 2019, Halbert filed a petition under section 1170.95, alleging he had been convicted of murder on a theory of natural and probable consequences or as a non-participating aider and abettor to a felony murder. The court appointed counsel and on November 22, 2019, the court denied the petition by written order. The court determined from the record of conviction that Halbert's conviction of conspiracy to murder demonstrated the jury found he acted with specific intent to kill. Thus, the court found Halbert was not eligible for resentencing under section 1170.95 as a matter of law.

Halbert has filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Halbert the opportunity to file his own brief on appeal, but he has not responded.

2

## STATEMENT OF FACTS

The facts of the underlying convictions are fully set forth in our opinion in *People v. Halbert*, *supra*, D031427.  We see no reason to repeat them here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks this court to review the record for error as mandated by *Wende*.  To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues which were considered in evaluating the potential merits of this appeal:

1.  Whether the court erred in finding Halbert's conviction precluded relief under section 1170.95; and

2.  Whether the trial court's denial of Halbert's petition was prejudicial error.

We have reviewed the entire record as mandated by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Halbert on this appeal.

DISPOSITION

The order denying Halbert's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.